UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN LAMAR WASHINGTON,

    Plaintiff,

v.

LORI DAWSON, ET AL,

    Defendants.
_____/

Civil No. 2:21-cv-12062
Hon. Nancy G. Edmunds

**ORDER SUMMARILY DISMISSING CASE**

Plaintiff Kalvin Lamar Washington, a state inmate incarcerated at the Chippewa Correctional Facility, filed this pro se complaint pursuant to 28 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration of the complaint, the case will be summarily dismissed.

**I. Background**

Washington is serving a sentence of 20-30 years for his 2004 Oakland Circuit Court conviction of third-degree criminal sexual conduct. *See Washington v. Davis*, No. 09-10771 (E.D. Mich. June 3, 2011). Washington brings this action against four Defendants: (1) Wayne County Prosecutor Lori Dawson, (2) Oakland County Prosecutor David G. Gorcyca, (3) Oakland Circuit Judge Richard Kuhn, and (4) Warden Connie Horton.

Washington claims that prior to being convicted in Oakland County, he was tried for the same offense in the Wayne Circuit Court and was acquitted. He asserts that Defendants Dawson, Gorcyca, and Kuhn violated his constitutional rights under the Double Jeopardy Clause by allowing him to be tried and convicted in another court after his acquittal. He asserts that Defendant

1

Horton is illegally holding him pursuant to his unconstitutional conviction.[1] Plaintiff seeks his immediate discharge and 32 million dollars in damages for his 18½ years of illegal incarceration.

## II. Standard

Civil complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

## III. Discussion

Washington claims that he is entitled to damages and other relief as the result of his unconstitutional conviction. Such claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)(holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[1] The Court notes that though his pro se pleadings are open to some interpretation, Plaintiff recently filed another civil action against dozens of police officers and police officials, asserting that he was falsely arrested for the underlying charges. *Washington v. Sanchez*, Eastern District of Michigan No. 21-11725.

2

whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.").

The Supreme Court explained that a "§ 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff claims that his injuries are the result of a conviction illegally obtained in violation of the Double Jeopardy Clause. Success on these claims would necessarily demonstrate the invalidity of Plaintiff's conviction, and therefore the claims are barred under *Heck* until his sentence has been invalidated.[2]

Because the Court dismisses the action pursuant to *Heck*, the dismissal is without prejudice. See *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

### IV. Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). See *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.

---

[2] The Court notes that Plaintiff previously litigated a habeas case in this Court. *Washington*, *supra*. He did not raise his Double Jeopardy claim in that action. Plaintiff is barred from filing a second habeas action asserting his new claim absent authorization from the United States Court of Appeals. See 28 U.S.C. § 2244(b).

3

1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

    **SO ORDERED**.

s/ Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated:   September 22, 2021