UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALVIN L. WASHINGTON,

    Plaintiff,

v.

    Case No. 2:21-cv-12062
    Hon. Nancy G. Edmunds

LORI DAWSON, ET AL,

    Defendants.
_____/

### ORDER (1) DENYING MOTION FOR NEW TRIAL [ECF No. 9], (2) DENYING MOTION TO ENTER JUDGMENT [ECF No. 10], (3) DENYING MOTION TO FILE AMENDED COMPLAINT [ECF No. 11], (4) DENYING MOTION TO ADD PARTIES [ECF No. 12], AND (5) DENYING MOTION TO FILE [ECF No. 13]

In an order dated September 22, 2021, the Court summarily dismissed this pro se prisoner civil rights case. Plaintiff's complaint sought damages and other relief against multiple state actors for his alleged wrongful conviction in the Oakland Circuit Court. As explained in the order dismissing the case, Plaintiff's claims are all barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because he may not maintain this civil action until such time as his conviction is invalidated on appeal, in a post-conviction proceeding, or the like. Under *Heck*, he may not invalidate his conviction in this section 1983 case. Plaintiff appealed the summary dismissal, but the Sixth Circuit denied his application to proceed in forma pauperis because *Heck* rendered his appeal frivolous. The appeal was subsequently dismissed. *See Washington v. Dawson*, No. 21-1607 (6th Cir. March 9, 2022).

Plaintiff filed his notice of appeal before he filed the instant motions, divesting this Court of jurisdiction to consider them. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."

1

*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008); *Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).

To the extent the motions are nevertheless properly before the Court, they change nothing. As best as the Court can determine, Plaintiff's motions attempt to show, or seek an opportunity to prove, that his conviction *should have been* invalidated by the state courts, but that reviewing courts have refused to do so despite what he believes to be a meritorious double jeopardy claim. Such arguments are exactly the point of *Heck.* If allowed, they would impermissibly provide an alternative mechanism by which a prisoner could challenge the validity of his conviction. Yet all of Plaintiff's challenges, including his prior federal habeas case, have been denied. *See Washington v. Davis*, No. 09-10771 (E.D. Mich. June 3, 2011). The arguments raised in Plaintiff's motions completely ignore the basis for the summary dismissal of this case.

Accordingly, Plaintiff's pending motions, ECF Nos. 9, 10, 11, 12, and 13, are denied.

**SO ORDERED**.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court

Dated: June 2, 2022